UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUESETTS

------------------------------------- X
**CAMILLE GHANEM, ARNOLD WILLIAMS, OLUWATOSIN BABALOLA, MICHAEL O'GRADY, JASON FOSTER,** individually and on behalf of other persons similarly situated,

                Plaintiffs

  -against-

**THE TJX COMPANIES, INC.**, a Delaware Corporation; **HOMEGOODS, INC.**, a Delaware Corporation; **MARSHALLS OF MA, INC.**, a Massachusetts Corporation; **MARMAXX OPERATING CORPORATION**, a Delaware Corporation,

                Defendant.
------------------------------------- X

Civil Action No.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Camille Ghanem, Arnold Williams, Oluwatosin Babalola, Michael O'Grady, and Jason Foster (collectively "Plaintiffs"), on behalf of themselves and all similarly situated persons, by and through their undersigned attorneys, bring this collective and class action complaint against The TJX Companies, Inc. ("TJX"); HomeGoods, Inc. ("HomeGoods"); Marshalls of MA, Inc. ("Marshalls"); Marmaxx Operating Corporation ("Marmaxx") (collectively, "Defendants") for Defendants' failure to pay them and other similarly situated individuals overtime compensation for hours they have worked over forty in a workweek while training for the Assistant Store Manager position, pursuant to the Fair Labor Standards Act ("FLSA") and applicable state laws, and allege:

## **INTRODUCTION**

1.    Defendants together own and operate HomeGoods, T.J. Maxx, and Marshalls

retail stores, which offer discounted apparel, home fashions, and other merchandise to customers at more than 2,000 locations in the United States.[1]

2. This is a collective and class action brought by Plaintiffs on behalf of themselves and similarly situated current and former employees of the Defendants who during the relevant liability periods (as defined *infra* at paragraphs 5-6) have trained for Assistant Store Manager positions at HomeGoods, T.J. Maxx, and Marshalls stores operated by Defendants nationwide, except for persons working in stores in the state of California, and who have been misclassified as exempt under the FLSA and New York Labor Laws ("NYLL") during their training.

3. Plaintiffs and all current and former employees of Defendants who were misclassified as exempt during their training to become Assistant Store Managers at HomeGoods, T.J. Maxx, and Marshalls stores, except for persons working in stores in the state of California, are referred to herein as "Manager Trainees." Manager Trainees nationwide were regularly scheduled to work more than 40 hours per week during their training weeks but were not paid overtime compensation.

4. Defendants' centralized and uniform policy and/or practice of classifying their Manager Trainees as exempt and their failure to pay them overtime compensation for the hours they worked over forty in a workweek during the weeks they are training is unlawful and in violation of the FLSA and applicable state laws, including NYLL.

5. Plaintiffs Camille Ghanem ("Ghanem"), Arnold Williams ("Williams"), and

---

[1] In 2013, Defendants' current Chief-Executive-Officer, Carol Meyrowitz, boasted $24 billion in sales for the year, and it was anticipated the revenues would grow the following year. The forecast was accurate. (The TJX Companies website at http://www.tjx.com/about.asp.) In 2014, Defendants reported that net sales climbed to $27.4 billion. However, despite solid financial growth, Defendants continue to fail to follow the basic tenets of the Fair Labor Standards Act and New York Labor Law by failing to pay non-exempt Manager Trainees overtime compensation.

Oluwatosin Babalola ("Babalola") seek to represent and to give notice of this collective action to similarly situated Manager Trainees employed by the Defendants within three years before the filing of this complaint until the date of trial ("FLSA Liability Period") pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Collective"). Plaintiffs Ghanem, Williams, and Babalola further seek on behalf of themselves and the FLSA Collective unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to the FLSA.

6. Plaintiffs Michael O'Grady ("O'Grady") and Jason Foster ("Foster") seek to represent and to give notice of this class action to similarly situated Manager Trainees employed by Defendants in the state of New York within six years before the filing of this complaint until the date of trial ("NY Liability Period") pursuant to NYLL, Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R., Part 142 ("New York Class"). Plaintiffs O'Grady and Foster further seek on behalf of themselves and the New York Class unpaid overtime compensation, liquidated damages, penalties, attorneys' fees, and costs pursuant to NYLL.

7. The FLSA Liability Period and NY Liability Period are collectively referred to herein as "the relevant liability periods."

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiffs' collective action claims, pursuant to 28 U.S.C. §§ 1331 and 1337, because Plaintiffs' claims arise under the FLSA, 29 U.S.C. §§ 201, *et seq.* and involve matters of national or interstate interest.

9. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a) over Plaintiffs' class action claims that arise under NYLL, Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, 12 N.Y.C.R.R., Part 142, because these claims are so related to the FLSA claims

over which the Court has original jurisdiction.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (d) because Defendants' principal place of business is in the state of Massachusetts and within this district, and substantial part of the events or omissions giving rise to the claims alleged occurred in this district.

## PARTIES

**PLAINTIFF CAMILLE GHANEM**

11. Plaintiff Ghanem is an adult resident of Port St. Lucie, Florida.

12. Ghanem was employed by Defendants from July 17, 2011 until October 4, 2013 at HomeGoods. Between approximately July 2011 and August 2011, Ghanem worked as a Manager Trainee for the Defendants at HomeGoods stores located in Margate and Miami, Florida.

13. During the FLSA Relevant Liability Period, Ghanem was an employee of Defendants covered within the meaning of the FLSA.

14. As a Manager Trainee, Ghanem regularly worked over forty hours in a workweek.

15. As a Manager Trainee during the FLSA Liability Period, Ghanem was misclassified as exempt, and was denied overtime compensation for the hours he worked over forty in a workweek.

16. Ghanem has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b), and his Consent to Join is attached as Exhibit 1.

**PLAINTIFF ARNOLD WILLIAMS**

17. Plaintiff Williams is an adult resident of Hallandale, Florida.

4

18. Williams was employed by Defendants from February 25, 2013 until October 10, 2013 at HomeGoods. Between approximately February 2013 and April 2013, Williams worked for the Defendants as a Manager Trainee at HomeGoods located in Pembroke Pines, Florida.

19. During the FLSA Relevant Liability Period, Williams was an employee of Defendants covered within the meaning of the FLSA.

20. As a Manager Trainee, Williams regularly worked over forty hours in a workweek.

21. As a Manager Trainee during the FLSA Liability Period, Williams was misclassified as exempt, and was denied overtime compensation for the hours he worked over forty in a workweek.

22. Williams has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b), and his Consent to Join is attached as Exhibit 2.

**PLAINTIFF OLUWATOSIN BABALOLA**

23. Plaintiff Babalola is an adult resident of Lawrence, Kansas.

24. Babalola was employed by Defendants from approximately June 2013 until September 2013 as a Manager Trainee at various Marshalls locations in Independence, Missouri; Wichita, Kansas; and Marion, Kansas.

25. During the FLSA Relevant Liability Period, Babalola was an employee of Defendants covered within the meaning of the FLSA.

26. As a Manager Trainee, Babalola regularly worked over forty hours in a workweek.

27. As a Manager Trainee during the FLSA Liability Period, Babalola was misclassified as exempt, and was denied overtime compensation for the hours he worked over forty in a workweek.

28. Babalola has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b), and his Consent to Join is attached as Exhibit 3.

**PLAINTIFF MICHAEL O'GRADY**

29. Plaintiff O'Grady is an adult resident of Springfield Gardens, New York.

30. O'Grady was employed by Defendants from January 24, 2011 until August 13, 2012. From approximately January 2011 until February 2011, O'Grady worked for the Defendants as a Manager Trainee at the T.J. Maxx located in Carle Place, New York.

31. During the NY Liability Period, O'Grady was an employee of Defendants covered within the meaning of the NYLL.

32. As a Manager Trainee, O'Grady regularly worked over forty hours in a workweek.

33. Defendants did not maintain and preserve records of the hours O'Grady worked each week as a Manager Trainee during the NY Liability Period.

34. As a Manager Trainee during the NY Liability Period, O'Grady was misclassified as exempt, and was denied overtime compensation for the hours he worked over forty in a workweek.

**PLAINTIFF JASON FOSTER**

35. Plaintiff Foster is an adult resident of Greenlawn, New York.

36. Foster was employed by Defendants from approximately August 2010 until September 2011. From approximately August 2010 until September 2010, Foster worked for the

Defendants as a Manager Trainee at various T.J. Maxx locations in Edgewood, New Jersey; Marlton, New Jersey; and Greenville, New York.

37. During the NY Liability Period, Foster was an employee of Defendants covered within the meaning of NYLL.

38. As a Manager Trainee, Foster regularly worked over 40 hours in a workweek.

39. Defendants did not maintain and preserve records of the hours Foster worked each week as a Manager Trainee during the NY Liability Period.

40. As a Manager Trainee during the NY Liability Period, Foster was misclassified as exempt, and was denied overtime compensation for the hours he worked over forty in a workweek.

**DEFENDANTS THE TJX COMPANIES, INC.; HOMEGOODS, INC.; MARSHALLS OF MA, INC.; AND MARMAXX OPERATING CORPORATION**

41. The TJX Companies, Inc. is a Delaware corporation with its principal place of business at 770 Cochituate Road, Framingham, MA 01701.

42. HomeGoods, Inc. is a Delaware corporation with its principal place of business at 770 Cochituate Road, Framingham, MA 01701.

43. Marshalls of MA, Inc. is a Massachusetts corporation with its principal place of business at 770 Cochituate Road, Framingham, MA 01701.

44. Marmaxx Operating Corporation is a Delaware corporation with its principal place of business at 770 Cochituate Road, Framingham, MA 01701.

45. TJX operates and conducts business as HomeGoods, T.J. Maxx, and Marshalls.

46. During the relevant liability periods, Defendants were and/or continue to be joint employers of the Plaintiffs and similarly situated Manager Trainees.

47. During the relevant liability periods, upon information and belief, Defendants

have shared human resources for their HomeGoods, T.J Maxx, and Marshalls stores responsible for developing and distributing training programs, administering compensation programs, writing job descriptions, determining exempt and non-exempt classifications, and maintaining personnel record keeping and information for HomeGoods, T.J Maxx, and Marshalls stores companywide.

48. During the relevant liability periods, Defendants have use a centralized payroll department and system to issue pay and maintain payroll records for Plaintiffs and other Manager Trainees.

49. During the relevant liability periods, Defendants have had joint control, directly or indirectly, over Plaintiffs' and other similarly situated Manager Trainees' pay, job duties, hours worked, records of hours worked, and exempt classification.

50. Defendants are covered employers within the meaning of the FLSA and, during the FLSA Liability Period, Defendants employed Plaintiffs Ghanem, Williams, and Babalola and similarly situated Manager Trainees.

51. Defendants are covered employers within the meaning of the NYLL and, during the NY Liability Period, Defendants employed Plaintiffs O'Grady and Foster and similarly situated Manager Trainees.

52. During the relevant liability periods, Defendants have been, and continue to be, an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s).

53. During the relevant liability periods, Defendants have employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling or otherwise working on goods or materials

that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

54. During each year of the relevant liability periods, each Defendant has annual gross sales made or business done in excess of $500,000.00 in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

55. The allegations in the foregoing paragraphs are incorporated by reference herein.

56. Defendants require all persons hired or promoted from within the company to Assistant Store Manager to train for the Assistant Store Manager position.

57. To train employees to become Assistant Store Managers at their HomeGoods, T.J. Maxx, and Marshalls stores, Defendants use standardized Management Training Programs.

58. All Plaintiffs were required to train for the Assistant Store Manager position and participated in Defendants' Management Training Programs.

59. HomeGoods, T.J. Maxx, and Marshalls retail stores typically have at least two Assistant Store Manager positions: an Operations Assistant Store Manager ("OASM") and a Merchandise Assistant Store Managers ("MASM"). Both OASMs and MASMs are trained using Defendants' Management Training Programs.

60. During training for their Assistant Manager positions, Plaintiffs' and other similarly situated Manager Trainees' primary duties have not been management. Their primary duties have been to orient themselves to the Assistant Store Manager position by learning Defendants' policies and procedures. In doing so, they observe and practice various training objectives and topics. For example, upon information and belief, all Manager Trainees observe and follow the Training Store Manager and other employees in the store, including, but not limited to cashiers, receiving and processing associates, backroom associates, fitting room

9

attendants, and cash officers as a primary aspect of their training. It has also been a primary duty of Plaintiffs and other similarly situated Manager Trainees to attend and participate in training meetings, complete training exercises in the Management Training Program materials, and read and study policies, procedures, and resources on Defendants' computer intranet and eLibrary. They have also performed uncompensated work reading, studying, and completing training exercises at their homes away from the stores.

61. Plaintiffs and other similarly situated Manager Trainees have not performed the duties of an exempt management employee. For example, while training for Assistant Store Manager positions, Plaintiffs and other Manager Trainees have not interviewed, selected, or trained employees; have not set or adjusted employees' rates of pay and hours of work; have not recommended employees for promotion or demotion; have not handled employee complaints or grievances; have not determined techniques to be used in the stores; have not controlled the flow or distribution of materials or merchandise; have not maintained production or sales records; have not planned or controlled the budget; and have not monitored or implemented legal compliance measures.

62. While training for the Assistant Store Manager position, Plaintiffs and other Manager Trainees have not customarily and regularly exercised discretionary powers.

63. While training for the Assistant Store Manager position, Plaintiffs and other Manager Trainees have not customarily and regularly exercised discretion and independent judgment.

64. Upon information and belief, during the relevant liability periods, all Manager Trainees for HomeGoods, T.J. Maxx, and Marshalls nationwide have performed similar training duties at set forth herein.

65. Upon information and belief, during the relevant liability periods, all Manager Trainees for HomeGoods, T.J Maxx, and Marshalls nationwide have used standardized training materials issued by Defendants.

66. Upon information and belief, during the relevant liability periods, all Manager Trainees for HomeGoods, T.J Maxx, and Marshalls nationwide have been subject to Defendants' Management Training Program.

67. During the relevant liability periods in which Plaintiffs and other similarly situated Manager Trainees have trained for the Assistant Store Manager position, Defendants have misclassified them as exempt and have not paid them overtime compensation for hours worked over forty hours in a workweek.

68. As Manager Trainees, Plaintiffs were scheduled to work 50 to 60 hours a week. Upon information and belief, during the relevant liability periods, Manager Trainees companywide have been consistently and uniformly scheduled to work in excess of 50 hours per week during training.

69. As Manager Trainees, Plaintiffs were paid no overtime compensation for the hours they worked over forty in a workweek. Upon information and belief, during the relevant liability periods, all Manager Trainees have been denied overtime compensation for hours worked over forty in a workweek.

70. Defendants have not recorded or maintained accurate time records of the hours worked by Manager Trainees during the relevant liability periods.

71. All work performed by the Plaintiffs and other Manager Trainees has been for the benefit of and accepted by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

72. Plaintiffs re-allege and incorporate all of the preceding paragraphs.

73. Plaintiffs Ghanem, Williams, and Babalola bring FLSA claims on behalf of themselves and the following FLSA Collective:

> All Manager Trainees and persons who, during FLSA Liability Period, have trained for the Assistant Store Manager position at HomeGoods, T.J. Maxx, or Marshalls retail stores, however titled, excluding persons in the state of California, and were classified as exempt from receiving overtime compensation (the "FLSA Collective").

74. During the FLSA Liability Period, Defendants have employed numerous Manager Trainees who are similarly situated to Plaintiffs Ghanem, Williams, and Babalola in that they have performed the same duties as Manager Trainees, and have been subjected to the same illegal pay practices as Plaintiffs Ghanem, Williams, and Babalola.

75. During the FLSA Liability Period, Manager Trainees, like Plaintiffs Ghanem, Williams, and Babalola, have been victims of a common policy, plan, or scheme by Defendants to misclassify Manager Trainees as exempt and to deny them overtime compensation required by the FLSA.

76. During the FLSA Liability Period, Manager Trainees, like Plaintiffs Ghanem, Williams, and Babalola, have been uniformly affected by Defendants' centralized, company-wide policy and/or practice to classify Manager Trainees as exempt and to deny them overtime compensation required by the FLSA, which applied at all of Defendants' locations nationwide.

77. Defendants' misclassification of Plaintiffs Ghanem, Williams, and Babalola and other similarly situated Manager Trainees, and Defendants' unlawful compensation policies and/or practices, have been in willful disregard of the rights of Plaintiffs Ghanem, Williams, and Babalola, and other similarly situated Manager Trainees under the FLSA.

## CLASS ACTION ALLEGATIONS

78. Plaintiffs re-allege and incorporate all of the preceding paragraphs.

79.     Plaintiffs O'Grady and Foster seek certification of a class of Manager Trainees pursuant to Rule 23 of the Federal Rules of Civil Procedure who have been misclassified as exempt and as a result have been denied overtime compensation for all hours worked in excess of forty and are due damages as a result of Defendants' failure to comply with notice and record-keeping requirements required by NYLL, Article 6, §§190 *et seq.*, Article 19, §§650 *et seq.*, and supporting regulations 12 NYCRR, Part 142 during the NY Liability Period.

80.     Plaintiffs O'Grady and Foster bring NYLL claims on behalf of themselves and the following New York Class:

> All Manager Trainees and persons who, during NY Liability Period, trained for the Assistant Store Manager position at HomeGoods, T.J. Maxx, and/or Marshalls retail stores, however titled, excluding persons in the state of California, and were classified as exempt from receiving overtime compensation (the "New York Class").

81.     During the NY Liability Period, Manager Trainees like Plaintiffs O'Grady and Foster have been victims of a common policy and plan by Defendants to misclassify them as exempt and to deny them overtime compensation required by NYLL.

82.     During the NY Liability Period, Defendants have failed to record the hours worked each week for Plaintiffs O'Grady and Foster, and, likewise, have failed to record the hours worked each week of similarly situated Manager Trainees.

83.     During the NY Liability Period, Manager Trainees like Plaintiffs O'Grady and Foster have been uniformly affected by Defendants' centralized, company-wide policy and/or practice to classify Manager Trainees as exempt and to deny them overtime compensation required by NYLL, which applied throughout the state of New York.

84. Defendants' misclassification of Plaintiffs O'Grady and Foster, and other similarly situated Manager Trainees and their unlawful compensation policies and/or practices have been in willful disregard of the rights of Plaintiffs O'Grady and Foster and other similarly situated Manager Trainees under NYLL.

85. The class action is properly maintainable under Fed. R. Civ. P. 23(a), (b)(1) and (b)(3).

86. The New York Class is sufficiently numerous that joinder of all persons in the class is impractical, as required by Fed. R. Civ. P. 23(a)(1). Upon information and belief, more than 200 current and former employees would qualify as members of the proposed New York Class.

87. As required by Fed. R. Civ. P. 23(a)(2), the New York Class is characterized by common questions of law and fact, including, but not limited to:

   i. Whether Manager Trainees have been misclassified as exempt by Defendants;

   ii. Whether the job duties and responsibilities of Manager Trainees primarily consisted of training to be Assistant Store Managers;

   iii. Whether Defendants implemented and used the Management Training Program to train their Assistant Store Managers at HomeGoods, T.J. Maxx, and/or Marshalls stores;

   iv. Whether Defendants unlawfully failed to pay Manager Trainees overtime compensation in violation of NYLL;

   v. Whether Defendants failed to comply with notice and record-keeping requirements of NYLL; and

   vi. Defendants' potential defenses to these claims.

88. As required by Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs O'Grady and Foster, as the Named Plaintiffs and as the class representatives for the New York Class, are typical of the claims of all proposed class members.

89. Plaintiffs O'Grady and Foster, as class representatives, and their undersigned counsel will fairly and adequately protect the interests of the New York Class as required by Fed. R. Civ. P. 23(a)(4).

90. Class certification is appropriate here because, as required by Fed. R. Civ. P. 23(b)(1)(A), the prosecution of separate actions by class members could result in inconsistent adjudications establishing incompatible pay practices and judgments.

91. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the proposed class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

92. As a result of Defendants' unlawful acts, Plaintiffs O'Grady and Foster, and all Manager Trainees similarly situated to them, have been deprived of and pray for unpaid overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or pre-judgment interest, penalties, reasonable attorneys' fees and costs, and legal and equitable relief as may be appropriate to remedy the violation.

## COUNT I

**Violation of FLSA for Failure to Pay Overtime Compensation to Manager Trainees**
**(by Plaintiffs Ghanem, Williams, and Babalola and similarly**
**situated members of the FLSA Collective)**

93. Plaintiffs re-allege and incorporate all preceding paragraphs.

94. This claim (Count I) is brought on behalf of Plaintiffs Ghanem, Williams, and Babalola and the FLSA Collective they seek to represent.

95. During the FLSA Liability Period, Plaintiffs Ghanem, Williams, and Babalola and other similarly situated Manager Trainees have not been exempt from the FLSA overtime requirements under Section 207.

96. During the FLSA Liability Period, Defendants have failed to compensate Plaintiffs Ghanem, Williams, and Babalola and all other similarly situated Manager Trainees for all their hours worked for Defendants in excess of forty per week as required by Section 207 of the FLSA.

97. Plaintiffs Ghanem, Williams, and Babalola, and all other Manager Trainees similarly-situated to them, have been victims of a policy and plan by Defendants to misclassify them as exempt employees for their work as Manager Trainees and to deny them overtime compensation required by the FLSA.

98. Defendants' misclassification of Plaintiffs Ghanem, Williams, and Babalola and all other Manager Trainees similarly-situated to them as exempt employees, and Defendants' failure to pay them in accordance with the requirements of Section 207 of the FLSA, has been in willful disregard of the overtime wage compensation requirements of the FLSA.

99. Defendants have not made, kept, or preserved records of the hours worked by Manager Trainees as required for non-exempt employees pursuant to Section 211(c) of the FLSA.

100. Plaintiffs Ghanem, Williams, and Babalola request relief on behalf of themselves and the FLSA Collective as set forth below in the Prayer for Relief.

## COUNT II

### Violation of New York Labor Law for Failure to Pay Overtime Compensation to Manager Trainees
### (by Plaintiffs O'Grady and Foster on behalf of themselves and similarly situated members of the New York Class)

101. Plaintiffs re-allege and incorporate all of the preceding paragraphs.

102. This claim (Count II) is brought on behalf of Plaintiffs O'Grady and Foster, and the New York Class they seek to represent.

103. During the NY Liability Period, Plaintiffs O'Grady and Foster, and other similarly situated Manager Trainees have been denied overtime compensation for hours worked in excess of forty hours per week in violation of NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 142.

104. Plaintiffs O'Grady and Foster, and all other Manager Trainees similarly situated to them, have been victims of a policy and plan by Defendants to misclassify Manager Trainees as exempt employees for their work and to deny them overtime compensation required by NYLL.

105. Defendants' misclassification of Plaintiffs O'Grady and Foster, and all other Manager Trainees similarly situated to them as exempt employees, and Defendants' failure to pay them in accordance with the requirements of NYLL, has been in willful disregard of the NYLL.

106. Plaintiffs O'Grady and Foster request relief on behalf of themselves and the NY Class for violations of NYLL as set forth below in the Prayer for Relief.

<strong>COUNT III</strong>

<strong><u>Violation of New York Labor Law for Failure to Comply with Notice and Record-Keeping Requirements For Manager Trainees</u></strong><br>
<strong>(by Plaintiffs O'Grady and Foster on behalf of themselves and<br>
members of the New York Class)</strong>

107. Plaintiffs re-allege and incorporate the preceding paragraphs.

108. This claim (Count III) is brought on behalf of Plaintiffs O'Grady and Foster, and the New York Class they seek to represent.

109. During the NY Relevant Liability Period, Defendants have not maintained or preserved records of the hours worked by Plaintiffs O'Grady and Foster, and other similarly situated Manager Trainees for each week worked while training as required for non-exempt employees pursuant to NYLL, Article 19, §661 and Article 6, §195, including, but not limited to, the supporting regulations in 12 N.Y.C.R.R. Part 142.

110. During the NY Relevant Liability Period, Defendants have not provided Plaintiffs O'Grady and Foster, and other similarly situated Manager Trainees with the requisite notice and statements required by NYLL.

111. Plaintiffs O'Grady and Foster request relief on behalf of themselves and the NY Class for violations of NYLL's notice and record-keeping requirements as set forth below in the Prayer for Relief.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE** Plaintiffs respectfully request this Court:

A.  Allow, at the earliest possible time, Plaintiffs Ghanem, Williams, and Babalola to give notice of this collective action pursuant to 29 U.S.C. §216(b) to the FLSA; notifying these current and former employees that this civil action has been filed; of the nature and pendency of

the action; and of their right to join this lawsuit by filing a Consent to Join form if they believe they have been denied lawful overtime wages;

      B.     Grant conditional certification of the FLSA Collective so that the members of the FLSA Collective may pursue their FLSA claims for unpaid overtime compensation collectively;

      C.     Find that Defendants' violation of the FLSA was willful and imposing a three-year statute of limitations period for FLSA claims;

      D.     Grant class certification of the New York Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      E.     Find that Defendants' violation of the NYLL was willful;

      F.     Designate Plaintiffs O'Grady and Foster as representatives of the New York Class and Plaintiffs' counsel as Class Counsel;

      G.     Award unpaid overtime compensation under the FLSA and NYLL;

      H.     Award an amount equal to unpaid overtime compensation as liquidated damages under the FLSA;

      I.     Award liquidated damages under NYLL;

      J.     Award pre-judgment interest if liquidated damages are not awarded;

      K.     Award penalties under NYLL for violation of notice and record-keeping requirements;

      L.     Award reasonable attorneys' fees and costs; and

      M.    Grant such other relief as this Court shall deem just and proper.

Dated: Boston, Massachusetts
     May 12, 2014

Respectfully submitted

/s/ Hillary Schwab
Hillary Schwab, BBO# 666029
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
hillary@fairworklaw.com

Gregg Shavitz
Camar Jones
Shavitz Law Group P A
1515 S Federal Hwy., Ste 404
Boca Raton, Florida 33432-7451
(561) 447-8888
(561) 447-8831 fax
gshavitz@shavitzlaw.com
cjones@shavitzlaw.com
*pro hac vice* to be submitted

Sam J. Smith
Loren B. Donnell
Burr & Smith
442 W. Kennedy Boulevard, Suite 300
Tampa, FL  33606
(813) 253-2010
(813) 254-8391 fax
ssmith@burrandsmithlaw.com
ldonnell@burrandsmithlaw.com
*pro hac vice* to be submitted

**Counsel for Plaintiffs**